UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

A.D.,

                Petitioner,

      v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; TODD LYONS, in his official capacity as Acting Director of the U.S. Immigration and Customs Enforcement; WILLIAM JOYCE, in his official capacity as Acting New York Deputy Field Office Director for U.S. Immigration and Customs Enforcement; and JOSEPH EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services,

                Respondents.

</td><td>

26-CV-4102 (RA)

ORDER

</td></tr>
</table>

RONNIE ABRAMS, United States District Judge:

The Court is in receipt of Petitioner's reply to Respondents' motion to transfer. Dkt. 20 ("Pet. Repl."). Petitioner disputes the "overall reliability" of the declaration of Supervisory Detention and Deportation Officer Derek Lynch, *see* Dkt. 14 ("Lynch Decl."), as well as the "evidentiary foundation" for his assertion as to the time Petitioner was "booked into" the Moshannon Valley Processing Center. Pet. Repl. at 5. He further states that "[i]f the Court concludes that the precise timing of Petitioner's arrival in Pennsylvania is dispositive, he respectfully submits that Respondents should be required to produce direct supporting evidence and a witness with personal knowledge concerning the alleged transport and intake timeline." *Id.* at 5–6.

Petitioner thus appears to dispute Respondents' assertion that he was physically present in the Western District of Pennsylvania at 8:34 p.m. on May 17, 2026, the time his habeas petition was filed. *See* Lynch Decl. ¶¶ 7–8; Dkt. 13 ("Gov. Opp'n") at 2. Under the Second Circuit's decision in *Ozturk v. Hyde*, this is a fact relevant to the Court's jurisdiction over his habeas petition. 136 F.4th 382, 391 (2d Cir. 2025) (holding that the "only district in which . . . [petitioner's habeas] petition could have been brought at the time it was filed" was the district in which, at the time of filing, petitioner "was in transit to an ICE facility for the night" (emphasis omitted)).

Respondents shall make an appropriate witness to address the question of Petitioner's location at 8:34 p.m. on May 17, 2026 available for testimony at Tuesday's hearing. It shall submit any additional documentary evidence of the same by Monday, May 25, 2026. Pursuant to 26 U.S.C. § 2243, the Government shall produce Petitioner at this hearing. *See Walker v. Johnson*, 312 U.S. 275, 285 (1941).

SO ORDERED.

Dated:     May 22, 2026
           New York, New York

                                          Ronnie Abrams
                                          United States District Judge

2